IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARKAYLA SMITH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-949-B-BW |
| | § | |
| CITY OF GARLAND, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant City of Garland's motion to dismiss Plaintiff MarKayla Smith's complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, filed on July 18, 2025.  (Dkt. No. 26 ("Motion") ("Mot.").)

Pursuant to 28 U.S.C. § 636(b), Senior United States District Judge Jane J. Boyle referred this case to the undersigned for pretrial management and recommendation on claim-dispositive motions.  (*See* Dkt. No. 16.)  Upon careful review of the complaint, the parties' briefing, and the relevant case law, the undersigned finds that the Motion (Dkt. No. 26) should be **GRANTED**.

## I.  BACKGROUND

Plaintiff filed her original complaint on April 16, 2025, asserting claims against "the Garland Police Department, Garland Detention Facility, and unknown officers/staff" (identified as John Does 1-5 acting under color of state law), pursuant to 42 U.S.C. §1983 for violation of her First and Fourteenth Amendment rights.

(Dkt. No. 3.)  Plaintiff concurrently filed a motion for leave to proceed in forma pauperis ("IFP").  (Dkt. No. 4.)

Then on April 29, 2025, following the Court's issuance of a notice of deficiency regarding Plaintiff's IFP application (Dkt. No. 5), Plaintiff filed an amended complaint (Dkt. No. 6 ("Am. Compl.")) and withdrew her IFP application (Dkt. No. 7), and she paid the filing fees in this case.   The amended complaint named City of Garland ("City") as the only Defendant.  (*See* Dkt. No. 6.)  Plaintiff's Amended Complaint remains the live pleading.

On May 13, 2025, the Court advised Plaintiff of her obligation to serve Defendant with process in compliance with Fed. R. Civ. P. 4 upon paying the filing fee.  (*See* Dkt. No. 8.)  The Court further advised Plaintiff that Fed. R. Civ. P. 4(c)(1) precluded her from serving Defendant.  (*Id*. at 2.)  On June 11, 2025, Plaintiff filed a "Declaration of Service by Mail" (Dkt. No. 17) in which she avers that she served Defendant with the summons, complaint, a cover letter, and an exhibit to the complaint by sending these documents to Defendant by mail.  (*Id*.)  In her declaration, Plaintiff "declare[s] under penalty of perjury" that she is "not a party to this action, which is obviously is inaccurate, as she filed this action."  (*Id*. at 1.)

On June 12, 2025, the Court advised Plaintiff that the City had not been validly served with a summons and copy of the Complaint and that she must either obtain a waiver of service from Defendant or arrange for another qualified person to effect service.  (Dkt. No. 18.)  The Court further advised Plaintiff that, as she had

2

paid the filing fee on May 28, 2025, she had until August 26, 2025 to file proof of service in compliance with Fed. R. Civ. P. 4. (*See id.*)

On June 30, 2025, Plaintiff filed an Affidavit of Service (completed by a process server) purporting to have served the City with summons and a copy of the Complaint by service on Latisha McNatt at 200 N. Fifth Street, Garland, TX 75040. (*See* Dkt. No. 24.)

Thereafter, on July 18, 2025, the City filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), arguing that the City was not properly served with the summons and complaint because Plaintiff served Latisha McNatt, an employee of the City who is not its Chief Executive Officer, Mayor, City Manager, or City Secretary. (*See* Mot. at 1-2, 4.) Accordingly, service was not valid or effective under Fed. R. Civ. P. 4. (*See id.*) The City argues that dismissal is also proper under Rule 12 (b)(6) because Plaintiff failed to sufficiently plead a claim for municipal liability under *Monell* and failed to sufficiently plead a claim for the underlying alleged constitutional deprivation. In support of its motion, the City submits the Affidavit of Jennifer Stubbs, the City Secretary for the City of Garland. (*See* Dkt. No. 26-1 ("Stubbs Affidavit").)

Plaintiff filed a response on July 18, 2025. (Dkt. No. 27 ("Resp.").) The City did not file a reply, and the time to do so has passed. *See* N.D. Tex. L. Civ. R. 7.1(f) ("[A] party who has filed an opposed motion may file a reply brief within 14 days from the date a response is filed."). Accordingly, the Motion (Dkt. No. 26) is ripe for consideration.

For the purpose of evaluating the City's motion to dismiss, the Court accepts as true the following narrative from Plaintiff's amended complaint.  Plaintiff alleges that on March 24, 2025, she suffered "mistreatment, racial discrimination, and emotional distress" at the Garland Detention Facility.  (Am. Compl. at ECF p. 1.)  Plaintiff avers she was "ignored, skipped over, and disrespected while attempting to retrieve property and post bond for her husband."  (*Id.*)  She further alleges that she was made to wait for hours while others were helped immediately, and she was "treated as if she was invisible," and these actions caused her "long-term emotional distress, public embarrassment, and psychological trauma."  (*Id.*)

After the incident, Plaintiff contacted "Internal Affairs" and received a response from Garland Police Department Chief of Police J. L. Bryan stating that "[the officers'] actions were not within department policy" and they would "receive corrective measures appropriate with their actions."  (*Id.* at ECF p. 1, 3.)  "Plaintiff seeks damages for civil rights violation, emotional distress, negligent supervision, and any further relief deemed just."  (*Id.* at ECF p. 1.)

## II.  LEGAL STANDARDS

### A.   Motion to Dismiss Under Rule 12(b)(5)

A motion to dismiss under Rule 12(b)(5) challenges the method or lack of service.  *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013).  Without proper service of process, the court lacks personal jurisdiction over a defendant.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

4

After a defendant contests the validity of service, plaintiff bears the burden of establishing its legitimacy or good cause for failing to effect timely service. *Quinn v. Miller*, 470 F, App'x 321, 323 (5th Cir. 2012) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Sys. Signs Supplies v. U.S. Dep't of Just., Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). Good cause "would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time period' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (quoting 10 Wright & Miller Federal Prac. & Proc.: Civil § 1165). A pro se plaintiff is not excused from the requirement to effect proper service of process. *Sys. Signs Supplies*, 903 F.2d at 1013.

**B.     Motion to Dismiss Under Rule 12(b)(6)**

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).  However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . .  on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

6

not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, Fed. R. Civ. P. 8(a)(2)))).

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.  ANALYSIS

The City seeks dismissal pursuant to Rule 12(b)(5) on the grounds of insufficient service of process and pursuant to Rule 12 (b)(6) for failure to sufficiently plead a municipal liability claim under 42 U.S.C.§ 1983 against the City. (*See*

*generally* Mot.)  The undersigned first addresses the City's arguments attacking the merits of Plaintiff's causes of action.

**A.     Plaintiff has not pleaded facts giving rise to a municipal liability claim.**

Although not referenced in her amended complaint, Plaintiff's original complaint indicates that she is suing the City pursuant to 42 U.S.C. § 1983 for violation of her First and Fourteenth Amendment rights.  (*See* Dkt. No. 3 at ECF p. 2.)  In her amended complaint, however, Plaintiff does not specifically allege a Section 1983 claim, nor does she specify what constitutional rights the City allegedly violated.  (*See generally* Am. Compl.)  Plaintiff merely alleges that she was "ignored, skipped over, and disrespected" by staff at the Garland Detention Facility and seemingly attributes the mistreatment to racial discrimination.  (*See id*. at ECF p. 1.)

Section 1983 provides a cause of action against "[e]very person who, under color of any [law] subjects [ ] any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]"  42 U.S.C. § 1983.  Because "[a] person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage,'" *id*. (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), a plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation," *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir.

2020) (citing *Monell*, 436 U.S. at 694).  "In municipal-liability cases," therefore, the threshold question "is whether the complained-of 'act may fairly be said to represent official policy.'" *Id*. at 792-93 (cleaned up; quoting *Monell*, 436 U.S. at 694); *see also Hutcheson*, 994 F.3d at 483 (rejecting the argument that a district court errs by dismissing a *Monell* claim without first analyzing the underlying constitutional violation).

Accordingly, a plaintiff may proceed on a *Monell* claim only by identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up).  Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *see also Hutcheson*, 994 F.3d at 482; *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

The first prong requires that Plaintiff adequately plead an official policy or custom.  "[A] policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010).

(citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir.2003)).  Although a "single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable[,] . . . this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker."  *Id*. (citations, brackets, and some internal quotation marks omitted).

"Official policy can arise in various forms.  It usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'"  *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001) (quoting, in turn, *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc))); *see also Brown*, 985 F.3d at 497 ("An 'official policy' may take two forms – either a 'policy statement formally announced by an official policymaker' or a 'persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" (quoting *Zarnow*, 614 F.3d at 168-69)).

To satisfy the second prong, Plaintiff must adequately plead the identity of a policymaker with "final policymaking authority."  *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir.2003) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)).  "A 'policymaker' must be one who takes the place of the governing

body in a designated area of city administration." *Webster*, 735 F.2d at 841 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir.1984)). "City policymakers not only govern conduct; they decide the goals for a particular city function and devise the means of achieving those goals. . . . [T]hey are not supervised except as to the totality of their performance." *Bennett*, 728 F.2d at 769.

The third prong requires that Plaintiff adequately plead that the municipal policy or custom was the "moving force" of the constitutional deprivation, which requires a "high threshold of proof." *Piotrowski*, 237 F.3d at 580 (citing *Monell*, 436 U.S. at 694). Plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle*, 613 F.3d at 542 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted). She "must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. at 411) (internal quotation marks omitted). Simple or even heightened negligence is insufficient to meet the deliberate indifference requirement. *Piotrowski*, 237 F.3d at 579 (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. at 407).

As previously noted, Plaintiff alleges she suffered racial discrimination because she was "ignored, skipped over, and disrespected" by staff at the Garland Detention Facility. (*See* Am. Compl. at ECF p. 1.) But "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to

11

the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 1997) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); footnote omitted); *see also Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Pinedo v. City of Dallas, Tex.*, No. 3:14-CV-0958-D, 2015 WL 5021393, at *5 (N.D. Tex. Aug. 25, 2015) ("To establish a custom, a plaintiff must demonstrate (and, at the pleading stage, must plausibly plead) 'a pattern of abuses that transcends the error made in a single case.'" (quoting *Piotrowski*, 237 F.3d at 582)).

Plaintiff does not provide any specific facts to support a reasonable inference of the existence of an official policy or custom, as required to establish municipal liability under *Monell*.   She only summarily claims without factual support that she suffered mistreatment due to racial discrimination during a solitary incident.  (*See* Am. Compl. at ECF p. 1.)   But to plausibly plead a practice "so persistent and widespread as to practically have the force of law," *Connick v. Thompson*, 563 U.S. 51, 61 (2011), a plaintiff must do more than describe the incident that gave rise to her injury.  Plaintiff here fails to identify any written or unwritten policies of the City which caused her alleged constitutional injury.  Nor does Plaintiff cite any prior instances of similar actions by the City "that would indicate a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Pinedo*, 2015 WL 5021393, at *5 (internal citations omitted).  In fact, Plaintiff affirmatively pleads the opposite by alleging that "Internal Affairs confirmed that the conduct was not in line with department policy." (Am. Compl. at

12

ECF p. 1.)   This statement alone is fatal to her claim, as it confirms that the conduct of which Plaintiff complains was not due to any official City policy or widespread practice.  Because Plaintiff has failed to adequately plead an official policy or custom, her amended complaint fails the first prong of the *Monell* test and should be dismissed on this basis.

Even if Plaintiff plausibly alleged written or unwritten policies of the City that caused her alleged constitutional injury, Plaintiff's amended complaint also contains no facts to support an inference of deliberate indifference by any City policymaker. Indeed, Plaintiff fails to discuss an alleged policymaker.  This failure is likewise fatal to Plaintiff's claims as the amended complaint lacks an allegation of "an official policymaker with actual or constructive knowledge [acting] on behalf of the municipality." *Zarnow*, 614 F.3d at 167.  Therefore, Plaintiff's claims also fail the second prong of the *Monell* test and should be dismissed on this additional basis. Because Plaintiff's amended complaint fails the first two prongs, no further analysis is required.  *See Brown*, 985 F.3d at 497 & n.11 (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow*, 614 F.3d at 168-69)).

Finally, to the extent Plaintiff attempts to assert a claim for "negligent supervision," her conclusory allegations alone are insufficient to plausibly allege that the City failed to train or supervise the Garland Detention Facility staff involved in the events described in Plaintiff's amended complaint.  Plaintiff does not plausibly plead that a failure to train or supervise was the moving force in causing her alleged

13

constitutional injury; and she does not allege that any policymaker acted with deliberate indifference to the allegedly inadequate training or supervision of staff at the Garland Detention Facility.  These failures implicate the third *Monell* prong. Therefore, in addition to reasons discussed above, Plaintiff's claim fails for lack of causation.

For all these reasons, the undersigned concludes that Plaintiff's amended complaint does not provide the minimal factual allegations necessary under *Monell*, and her Section 1983 claims against the City should be dismissed for failure to state a claim upon which relief can be granted.

**B.      Plaintiff has failed to effect proper service on the City.**

In addition to dismissal for failure to state a claim, Plaintiff's claims should be dismissed for failure to properly effect service of process on the City.  Service of summons on a municipality must comply with the Federal Rules of Civil Procedure or the Texas Civil Practice and Remedies Code.  Federal Rule of Civil Procedure 4(j) requires that a municipal entity may be served by one of the following methods:

(A)    delivering a copy of the summons and of the complaint to its chief executive officer; or

(B)    serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).  Under Texas law, "[i]n a suit against an incorporated city . . . citation may be served on the mayor, clerk, secretary, or treasurer."  Tex. Civ. Prac. & Rem. Code § 17.024.

Plaintiff purports to have served the City with summons and a copy of the complaint by service on "Latisha McNatt" on June 27, 2025. (*See* Dkt. No. 24.) The City represents that McNatt is "an Assistant to the City Manager," not the Chief Executive Officer, City Manager, City Secretary, Treasurer, or City Clerk for the City of Garland, as required by Texas law. (*See* Mot. at 4; Stubbs Affidavit ¶ 6.) *See* Tex. Civ. Prac. & Rem. Code § 17.024. Because McNatt is not a proper recipient of service for the City, service was not proper under Rule 4(j)(2). *See Lafdi v. Holman*, No. 3:22-CV-922-S-BK, 2023 WL 2355939, at *2 (N.D. Tex. Jan. 10, 2023) (finding that service on a city manager's executive assistant and a records technician was improper under § 17.024(b) and Rule 4(j)(2)), *adopted*, 2023 WL 2355898 (N.D. Tex. Mar. 3, 2023); *see also Badger v. Police Dep't City of Monroe*, No. 3:21-CV-01311, 2021 WL 3394914, at *3 (W.D. La. July 19, 2021) (recommending dismissal without prejudice because service on a Monroe police department employee was not effective service on the city under Rule 4(j)(2)), *adopted*, 2021 WL 3385006 (W.D. La. Aug. 3, 2021). As such, Plaintiff's service of process on the City was insufficient.

If a plaintiff fails to serve a defendant within 90 days of filing of the complaint, the court "must dismiss the action without prejudice or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court may extend the time for service but only in limited circumstances. Leniency in the technical requirements of service can be proper where a pro se litigant has made a good faith effort to perfect service and actual notice was achieved. *See Sys. Signs Supplies*, 903 F.2d at 1014. When a court finds that leniency is appropriate, it may extend the deadline to

achieve proper service under Rule 4(m). *Carter v. EZ Flo Int'l*, No. 6:22-CV-00094-JDK, 2022 WL 17541407, at *7 (E.D. Tex. Sept. 2, 2022), *adopted*, 2022 WL 17091857 (E.D. Tex. Nov. 21, 2022) (citing *Harvard v. F.M. Logistics, Inc.*, 252 F.R.D. 317, 318-19 (S.D. Miss. 2008)). An extension is within the court's discretion regardless of whether a plaintiff has shown good cause for his failure to properly serve defendants. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

In this case, the undersigned recommends that the Court exercise its broad discretion to deny Plaintiff further time to serve the City, because, as explained above, Plaintiff's amended complaint should be dismissed for failure to state a claim for municipal liability against the City.

**B.    No further leave to amend should be allowed.**

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within" 21 days of service of (1) a responsive pleading, or (2) a Rule 12(b) motion, "whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff filed her original complaint on April 16, 2025. (Dkt. No. 3.) Then, on April 29, 2025, the Court issued a notice of deficiency advising Plaintiff that her IFP application (Dkt. No. 4) lacked sufficient information for the Court to decide whether IFP status was appropriate in her case, and that her case would be subject to judicial screening and service of process withheld pending completion of screening. (*See* Dkt. No. 5.) Plaintiff submitted her amended complaint on the same day (*see* Dkt. No. 6) and withdrew her IFP application (*see* Dkt. No. 7).

Rule 15(a)(2) provides that leave to amend should be "freely given when justice so requires." *Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991); *see Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (noting that Rule 15(a)'s language "evinces a bias in favor of granting leave to amend" (internal quotation marks omitted)). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Thus, leave to amend is not automatic, and decisions concerning motions to amend are left to the sound discretion of the court. *See Avatar Expl.*, 933 F.2d at 320; *Guerrero ex rel. Jr. v. Taylor Cnty.*, No. 1:17-CV-050-C-BL, 2018 WL 1033261, at *6 (N.D. Tex. Feb. 23, 2018).

When considering whether to grant leave under Rule 15(a)(2), courts assess "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotations omitted). "The liberal amendment rules of [Fed. R. Civ. P.] 15(a) do not require that courts indulge in futile gestures [and] [w]here a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." *DeLoach v. Woodley*, 405 F.2d 496 (5th Cir. 1968) (citing *Foman*, 371 U.S. 178; s*ee also Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic*

*Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").

Notwithstanding a plaintiff's failure to plead any set of facts or any possible theory that they could prove consistent with the allegations in their complaints, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable, or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp.2d 552, 567–68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). "Nevertheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged his or her best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). "A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citing *Brewster*, 587 F.3d at 768 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (internal quotation and citation omitted))).

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci* at 378 (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). In addition to testing the factual sufficiency of a claim, Rule 12(b)(6) authorizes a court to dismiss claims that have no basis, arguable or otherwise, in the law. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992). A complaint lacks an arguable basis in law when it is "based on an

18

indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Fifth Circuit has affirmed denials of leave to amend where it determined that the proposed amendment would be futile after analyzing the claims. *See Edoinwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (proposed amended complaint failed to state a claim under 42 U.S.C. § 1983). "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Mem'l Assn, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021), *as revised* (Nov. 26, 2021) (citing *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs "failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment")).

Plaintiff's request for leave states: "Alternatively, [the Court should] allow Plaintiff leave to amend or cure any procedural deficiencies, if deemed necessary[.]" (*See* Resp. at ECF p. 2.)   This "does not provide any indication of the grounds on which such an amendment should be permitted." *Willard*, 336 F.3d at 387.  Plaintiff attached no amended pleading to her request for leave as required by the Court's

local rules (*see* N.D. Tex. L.R. 15.1(b)) and offers no discussion of factual allegation(s) that she intends to add or revise in any further amended pleading. (*See* Resp. at ECF p. 2.)

Further, the undersigned finds that Plaintiff has pleaded her best case and therefore, amendment would be futile. Nothing suggested in Plaintiff's amended complaint or briefings suggests that a good-faith amendment could plead new factual content sufficient to allow the Court to reasonably infer that the City is liable under *Monell*. (*See generally* Compl.) As explained above, Plaintiff fails all three prongs under *Monell*. First, Plaintiff does not plausibly plead the existence of an official policy or custom or cite any prior instances of similar actions by the City that would indicate a persistent and widespread practice. (*See id.*) In fact, Plaintiff affirmatively pleads that she contacted "Internal Affairs" about her complaints and received a response from the Chief of Police stating that "[the officers'] actions were not within department policy." (*Id.* at ECF p. 1, 3.) This affirmative pleading establishing the non-existence of the first *Monell* prong cannot be cured and is fatal to Plaintiff's Section 1983 claim. *See Brown*, 985 F.3d at 497 & n.11 (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow*, 614 F.3d at 168-69).

For these reasons, the undersigned concludes that amendment would be futile, and Plaintiff's request for leave to amend her complaint embedded in her response to the City's motion to dismiss should be denied. *See Wiggins*, 710 F. App'x at 627;

*Harris v. UnitedHealth Group, Inc. of Texas*, No. 3:23-CV-02486-E; 2024 WL 2734974

(N.D. Tex. May 28, 2024) (denying motion for leave to amend complaint).

## IV.  RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the City of Garland's

motion (Dkt. No. 26) be **GRANTED** pursuant to Rule 12(b)(5) for failure to timely

serve the City and pursuant to Rule 12 (b)(6) for failure to state a claim against the

City for municipal liability under 42 U.S.C.§ 1983, and Plaintiff's claims against the

City be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 14, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).